UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RIKISHA S. SMITH,

                    Plaintiff,

v.                                                            5:20-CV-0748
                                                              (TJM/ML)

RIKITA SMITH, Mad Calendar; PRESIDENT
NIXON, Water Gates; TORRON J. BAXTER,
Water Gate; NIKKI PIDDILLA, Gas, Fuel, Water
Gate; MARINA BEWER, Water Gate;
STRAUTHER L. HOSEA; STRAUTHMEEK J.
HOSEA; JASON S. LEBRON, Water Gate, Oil,
Fuel; SADI, Oil, Fuel, Water Gate; LAVERNE
SCOTT, Mad Calendar; DORTHY SULLIVAN,
Mad Calendar; and TONYA CRAWFORD, Mad
Calendar,

                    Defendants.
_____

APPEARANCES:                                               OF COUNSEL:

RIKISHA S. SMITH
  Plaintiff, *Pro Se*
223 Otisco Street
Syracuse, New York 13204

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

       Currently before the Court are Plaintiff Rikisha Smith's ("Plaintiff"): (1) motion for leave

to proceed *in forma pauperis* (Dkt. No. 2); (2) motion for appointment of counsel; and (3)

motion for a refund of the filing fee (Dkt. No. 9). For the reasons discussed below, I (1) deny as

moot Plaintiff's *in forma pauperis* application (Dkt. No. 2), (2) deny Plaintiff's motion for

appointment of counsel, (3) deny Plaintiff's motion for a refund of the filing fee (Dkt. No. 9),

and (4) recommend that Plaintiff's Complaint (Dkt. No. 1) be dismissed in its entirety with leave to amend.

## I. BACKGROUND

On July 6, 2020, Plaintiff commenced this action by filing a *pro se* Complaint against defendants Rikita Smith, President Nixon, Torron J. Baxter, Nikki Piddilla, Marina Bewer, Strauther L. Hosea, Strauthmeek J. Hosea, Jason S. Lebron, Sadi, Laverne Scott, Dorthy Sullivan, and Tonya Crawford (collectively "Defendants"). (Dkt. No. 1.) Upon the filing of the Complaint, Plaintiff paid the statutory filing fee for this action. (Dkt. No. 1, Attach. 1.) In addition, Plaintiff filed a motion for leave to proceed *in forma pauperis* (Dkt. No. 2) and a motion for appointment of counsel (Dkt. No. 3).

The Complaint consists of five different form complaints, which purport to assert actions arising under (1) 42 U.S.C. § 1983; (2) Title VII of the Civil Rights Act, as amended; (3) 29 U.S.C. §§ 621-634(b), as amended, for employment discrimination based on age; (4) the Americans with Disabilities Act; and (5) *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*See generally* Dkt. No. 1.) The Complaint is a series of incomplete sentences that are largely indecipherable and devoid of factual assertions. (*Id*.)

For a more complete statement of Plaintiff's claims, refer to the Complaint. (Dkt. No. 1.)

## II. PLAINTIFF'S MOTION FOR A REFUND OF THE FILING FEE

"The law is well-settled that once payment of the filing fee has been collected, it cannot be waived or refunded, regardless of the outcome of the action." *Ball v. Goldfar*, 19-CV-0908, 2020 WL 474448, at *2, n.2 (N.D.N.Y. Jan. 28, 2020) (Sharpe, J.); *see, e.g.*, *Goins v. DeCaro*, 241 F.3d 260, 262 (2d Cir. 2001) (inmate who withdraws his appeal is not entitled to a refund of

the filing fee paid or a cancellation of the remaining indebtedness); *Williams v. Roberts*, 116 F.3d 1126, 1127-28 (5th Cir. 1997) (per curiam) (plain language of [section 1915] requires court to assess filing fees once matter is filed, regardless of ultimate outcome of proceeding) (citations omitted); *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) ("[B]y filing the complaint or notice of appeal, the prisoner waives any objection to the fee assessment . . . .").

As a result, Plaintiff's motion for a refund of the filing fee (Dkt. No. 9) is denied.

### III.    PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Because Plaintiff has paid the statutory filing fee, the motion to proceed *in forma pauperis* is denied as moot. *Ping Lin v. Holder*, 387 F. App'x 93, 97 (2d Cir. 2010) ("The pending motion to proceed *in forma pauperis* is DENIED as moot because the filing fee has already been paid.").

### IV.    LEGAL STANDARD FOR REVIEW OF THE COMPLAINT

Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party or parties have been served and have had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed, notwithstanding payment of the filing fee. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (a district court "may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee[.]"); *see also Pflaum v. Town of Stuyvesant, Columbia Cnty., N.Y.*, 11-CV-0335, 2016 WL 865296, at *1, n.2 (N.D.N.Y. Mar. 2, 2016) (Suddaby, C.J.) (finding that the Court had the power to address and dismiss additional theories of the plaintiff's retaliation claim *sua sponte* because those theories were so lacking in arguable merit as to be frivolous). In determining whether an action is frivolous, the court must

consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974).

V.     ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

Plaintiff's Complaint is comprised of twenty-five pages of incoherent text. (*See generally*, Dkt. No. 1.) By way of example, in the causes of action portion of Plaintiff's Complaint that was filed on the Civil Rights Complaint pursuant to 42 U.S.C. § 1983 form, Plaintiff alleges as follows:

> FIRST CAUSE OF ACTION
> Laverne Scott cloning twin scales
> 9-14 President Mekennley
> Deaf Date
> is Shamera Baxton 4-16 cloned
> my kidz 6-14 President Donald Trump
>
> SECOND CAUSE OF ACTION
> Rikita Ciara Smith 6-8-1986
> President Jackson cloning for research
> Mackeya Davis is same person
> B-day 2-24 is Torron Baxter
> B-day backwards and Quantrina
> Manning backwards 2-24 President Nixton 4-22
>
> THIRD CAUSE OF ACTION
> Jason S. Lebron 1-5 Calvin Coolidge is Elizabet
> President Calvin Coolidge deaf date
> Cloning for research LGBT
> Ciara Harrison and Janet Jackson
> and Nikki Manaj

(Dkt. No. 1 at 3 [errors in original].)  In the causes of action portion of Plaintiff's Complaint that was filed on the Civil Complaint pursuant to Title VII of the Civil Rights Act, as amended form, Plaintiff alleges as follows:

> FIRST CAUSE OF ACTION
> President George Bush father was in office.  I was poisoned with lead poison and then when George Bush son was office my kidz was poison with lead poisoning coincidental. Father and son.
>
> SECOND CAUSE OF ACTION
> The mad calendar followed me from when I was a baby telepathic telethic power my mom twin scales my brother facilitated puppet master children with lead poisoning.
>
> THIRD CAUSE OF ACTION
> Tax fraud violating our privacy saling us like slave to the streets and correctional facility hanging us imprisoning us lead poisoning puppet master.

(Dkt. No. 1 at 7-8 [errors in original].)

As the Complaint is currently drafted, the Court is unable to meaningfully analyze, whether, and to what extent, Plaintiff has pleaded any colorable claim against Defendants.  (*See generally* Dkt. No. 1.)  Plaintiff's Complaint places an unjustified burden on the Court and, ultimately, on Defendants "'to select the relevant material from a mass of verbiage.'" *Salahuddin v. Cuomo*, 861 F.2d 40, 41-42 (2d Cir. 1988) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969)).

As a result, I recommend the complaint be dismissed as frivolous.  *See, e.g., Gillich v. Shields*, 18-CV-0486, 2018 WL 2926299 (N.D.N.Y. Apr. 30, 2018) (Peebles, M.J.), *report and recommendation adopted by* 2018 WL 2926302, at *3 (N.D.N.Y. Jun. 8, 2018) (D'Agostino, J.); *Canning v. Hofmann*, 15-CV-0493, 2015 WL 6690170, at *5 (N.D.N.Y. Nov. 2, 2015) (Hurd, J.) ("Under these circumstances, having found that none of the allegations in Plaintiff's meandering and indecipherable Complaint raise a cognizable cause of action, the Court concludes that the

Complaint fails to state a claim upon which relief may be granted and is subject to dismissal."); *see also Salahuddin*, 861 F.2d at 42 ("Dismissal [for failure to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure] . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.").

## VI.   OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[1]

---

[1]   *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

6

In this case, it is not clear whether better pleading would permit Plaintiff to assert a cognizable cause of action against Defendants. Out of deference to Plaintiff's *pro se* status, however, I recommend that Plaintiff be granted leave to amend the Complaint.

If Plaintiff chooses to avail herself of an opportunity to amend, such amended pleading must set forth a short and plain statement of the facts on which she relies to support any legal claims asserted. Fed. R. Civ. P. 8(a). In addition, the amended complaint must include allegations reflecting how the individuals named as Defendants are involved in the allegedly unlawful activity. Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks omitted)).

### VII. PLAINTIFF'S MOTION TO APPOINT COUNSEL

Plaintiff has also submitted a request for appointment of counsel. (Dkt. No. 3.) The application indicates that Plaintiff has been unsuccessful in her efforts to obtain counsel on her own from the private sector. (*Id.*)

As an initial matter, "[a] party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted). Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. As a threshold matter, the court should ascertain whether

the indigent's claims seem likely to be of substance.  A motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's "chances of success are highly dubious."  *Leftridge*, 640 F.3d at 69.  If the court finds that the claims have substance, the court should then consider:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)).  This is not to say that all, or indeed any, of these factors are controlling in a particular case.  Rather, each case must be decided on its own facts.  *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

In the present matter, the Court has recommended dismissal of the action.  As such, the Court cannot find that Plaintiff's claims are likely to be of substance.  Plaintiff's motion (Dkt. No. 3) is therefore denied.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED** as moot; and it is further

**ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 3) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for a refund of the filing fee (Dkt. No. 9) is **DENIED**; and it is further

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[2]  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

It is hereby respectfully **ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[3]

Dated: August  21, 2020
       Binghamton, New York

_Miroslav Lovric_
Miroslav Lovric
U.S. Magistrate Judge

---

[2]  If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

[3]  The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).