UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RIKISHA S. SMITH,

                        Plaintiff,

v.                                                              5:20-CV-0748
                                                                  (TJM/ML)

RIKITA SMITH, Mad Calendar; PRESIDENT
NIXON, Water Gates; TORRON J. BAXTER,
Water Gate; NIKKI PIDDILLA, Gas, Fuel, Water
Gate; MARINA BEWER, Water Gate;
STRAUTHER L. HOSEA; STRAUTHMEEK J.
HOSEA; JASON S. LEBRON, Water Gate, Oil,
Fuel; SADI, Oil, Fuel, Water Gate; LAVERNE
SCOTT, Mad Calendar; DORTHY SULLIVAN,
Mad Calendar; and TONYA CRAWFORD, Mad
Calendar,

                        Defendants.
_____

APPEARANCES:                                             OF COUNSEL:

RIKISHA S. SMITH
  Plaintiff, *Pro Se*
223 Otisco Street
Syracuse, New York 13204

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

      Currently before the Court is Plaintiff Rikisha Smith's ("Plaintiff") Amended Complaint

(Dkt. No. 11), which was referred to me for initial review by Senior United States District Judge

Thomas J. McAvoy (Dkt. No. 17). In addition, on October 7, 2020, Plaintiff filed (1) a Notice

(Dkt. No. 23), (2) a letter motion requesting to "add more people defendant" (Dkt. No. 24), and

(3) a letter (Dkt. No. 25). For the reasons discussed below, I recommend that Plaintiff's

Amended Complaint (Dkt. No. 11) be dismissed in its entirety without leave to amend. In addition, (1) the Clerk of the Court is directed to strike Plaintiff's Notice (Dkt. No. 23) and Letter (Dkt. No. 25), and (2) Plaintiff's Letter Motion (Dkt. No. 24) is denied.

## I.  BACKGROUND

On July 6, 2020, Plaintiff commenced this action by filing a *pro se* Complaint against defendants Rikita Smith, President Nixon, Torron J. Baxter, Nikki Piddilla, Marina Bewer, Strauther L. Hosea, Strauthmeek J. Hosea, Jason S. Lebron, Sadi, Laverne Scott, Dorthy Sullivan, and Tonya Crawford (collectively "Defendants"). (Dkt. No. 1.) Upon the filing of the Complaint, Plaintiff paid the statutory filing fee for this action. (Dkt. No. 1, Attach. 1.) In addition, Plaintiff filed a motion for leave to proceed *in forma pauperis* (Dkt. No. 2) and a motion for appointment of counsel (Dkt. No. 3). On August 17, 2020, Plaintiff filed a letter request that sought a refund of the filing fee. (Dkt. No. 9.)

On August 21, 2020, the undersigned issued an Order and Report-Recommendation that (1) denied as moot Plaintiff's *in forma pauperis* application, (2) denied Plaintiff's application for appointment of counsel, (3) denied Plaintiff's motion for a refund of the filing fee, and (4) recommended that Plaintiff's Complaint be dismissed in its entirety with leave to amend. (Dkt. No. 10.)

On August 27, 2020, Plaintiff filed an Amended Complaint (Dkt. No. 11) and objections to the Order and Report-Recommendation dated August 21, 2020 (Dkt. No. 14).

On September 2, 2020, the Court issued an Order that (1) overruled Plaintiff's objection, (2) accepted and adopted the Order and Report-Recommendation of August 21, 2020, (3) referred Plaintiff's Amended Complaint to the undersigned for review, (4) denied Plaintiff's request to the extent that she sought to appeal the denial of her motion for appointment of

counsel, and (5) denied Plaintiff's request to the extent that she sought to appeal the denial of her motion for a refund of the filing fee. (Dkt. No. 17.)

The Amended Complaint consists of five different form complaints, which purport to assert actions arising under (1) 42 U.S.C. § 1983; (2) Title VII of the Civil Rights Act, as amended; (3) 29 U.S.C. §§ 621-634(b), as amended, for employment discrimination based on age; (4) the Americans with Disabilities Act; and (5) *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*See generally* Dkt. No. 11.) In addition, the Amended Complaint includes, *inter alia*, several other court instructional and notice documents, a mostly blank application to proceed without prepaying fees or costs, a mostly blank motion for appointment of counsel, a letter from the Syracuse City School District, and portions of the Wikipedia page regarding the Patriot Act with highlights, interposed with handwritten notes. (*Id.*) The Amended Complaint is a series of incomplete sentences that are largely indecipherable and devoid of factual assertions. (*Id.*)

For a more complete statement of Plaintiff's claims, refer to the Amended Complaint. (Dkt. No. 11.)

On October 7, 2020, Plaintiff filed a Notice (Dkt. No. 23), which appears to be a printed article from www.Syracuse.com regarding the victim in a fatal shooting from July 18, 2020. In addition, on October 7, 2020, Plaintiff filed a Letter Motion (Dkt. No. 24) requesting to "add more people defendant" to the case. More specifically, Plaintiff appears to request that "1 Jewels Calendar 2 Germans calendar 3 Hispanic calendar" be added to the caption as defendants. (*Id.*) Moreover, on October 7, 2020, Plaintiff filed a Letter, which states, *inter alia*, "1. Germans for repeating War II American citizen 2. Jewels Rikisha S. Smith my kid 3. Hispanic medical

medical records to be 4. Chinese useful and I want this calendar prunish no good time 8-4 for them Jughes Teachers Due Lawyer DA mad calendar."  (Dkt. No. 25 [errors in original].)

## II.     LEGAL STANDARD FOR REVIEW OF THE COMPLAINT

Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party or parties have been served and have had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed, notwithstanding payment of the filing fee.  *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (a district court "may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee[.]"); *see also Pflaum v. Town of Stuyvesant, Columbia Cnty., N.Y.*, 11-CV-0335, 2016 WL 865296, at *1, n.2 (N.D.N.Y. Mar. 2, 2016) (Suddaby, C.J.) (finding that the Court had the power to address and dismiss additional theories of the plaintiff's retaliation claim *sua sponte* because those theories were so lacking in arguable merit as to be frivolous).  In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources.  *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974).

**III.   ANALYSIS**

In addressing the sufficiency of a plaintiff's complaint, the court must construe her pleadings liberally.  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).  Having reviewed Plaintiff's Amended Complaint with this principle in mind, I recommend that all causes of action be dismissed.

Plaintiff's Amended Complaint is comprised of sixty-five pages of incoherent text.  (*See generally*, Dkt. No. 11.)  By way of example, in the causes of action portion of Plaintiff's Amended Complaint that was filed on the Civil Rights Complaint pursuant to 42 U.S.C. § 1983 form, Plaintiff alleges as follows:

> FIRST CAUSE OF ACTION
> Human cloning patriots act war II (Ptsd)
> Bill in Assembly (A5863 Amendment)
> Senator Jackson bill
> Prohabits cloning
>
> SECOND CAUSE OF ACTION
> Human cloning patriots act war II
> (ptsd) Senator Harrison bill 114
> prohabbits cloning
>
> THIRD CAUSE OF ACTION
> patriots act 9/11/2001
> war III cloning A5863
> violating our rights HippA
> world going backward LGBT
> cloning doc Dr. Scott Dr. Jackson
> 40 years of cloning Mr. Baker
> Cris David Putnam children
> with lead poisoning
> mad calendar

(Dkt. No. 11 at 14 [errors in original].)  In the facts portion of Plaintiff's Amended Complaint that was filed on the Civil Complaint pursuant to Title VII of the Civil Rights Act, as amended form, Plaintiff alleges as follows:

>U.S. Department of Justice office of the Inspector General. (Patriot act)
>U.S. House of the Judiciary Committee Attorney General's Office Section
>641 11R1R1 N.Y.S. Commission on Judicial Conduct 421 Montgomery St
>Snap benifits 420 Hitler Patriots act war II 421 Queen Elizabeth 422
>President Nixton 423 President James 9/11/2001 war III

(Dkt. No. 11 at 18 [errors in original].) Moreover, the causes of action portion of Plaintiff's Amended Complaint that was filed on the Civil Complaint pursuant to Title VII of the Civil Rights Act, as amended form, alleges as follows:

>FIRST CAUSE OF ACTION
>cloning implantation pregnancies
>Bill A5863 Assembly Senature Jackson
>Bill 114 Cloning prohabbit bill 2015 2016
>Senator Harrison
>
>SECOND CAUSE OF ACTION
>HippAA rights
>Street signs presidents
>names a course voodoo
>coursivley Hypnatize
>cycle paths (ptsd) LGBT
>
>THIRD CAUSE OF ACTION
>HippAA rights
>Gov. Cieral Killer social security #
>www . mad calendar ceareal kills
>Gov. purging purge master
>Snap 123 Kill ceareal killers
>copy rights conron 19 Queen Elizabeth Epstein Andrew

(Dkt. No. 11 at 18-19 [errors in original].)

As the Amended Complaint is currently drafted, the Court is unable to meaningfully analyze, whether, and to what extent, Plaintiff has pleaded any colorable claim against Defendants. (*See generally* Dkt. No. 11.) Plaintiff's Amended Complaint places an unjustified burden on the Court and, ultimately, on Defendants "'to select the relevant material from a mass of verbiage.'" *Salahuddin v. Cuomo*, 861 F.2d 40, 41-42 (2d Cir. 1988) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969)).

As a result, I recommend the Amended Complaint be dismissed as frivolous. *See, e.g., Gillich v. Shields*, 18-CV-0486, 2018 WL 2926299 (N.D.N.Y. Apr. 30, 2018) (Peebles, M.J.), *report and recommendation adopted by* 2018 WL 2926302, at *3 (N.D.N.Y. Jun. 8, 2018) (D'Agostino, J.); *Canning v. Hofmann*, 15-CV-0493, 2015 WL 6690170, at *5 (N.D.N.Y. Nov. 2, 2015) (Hurd, J.) ("Under these circumstances, having found that none of the allegations in Plaintiff's meandering and indecipherable Complaint raise a cognizable cause of action, the Court concludes that the Complaint fails to state a claim upon which relief may be granted and is subject to dismissal."); *see also Salahuddin*, 861 F.2d at 42 ("Dismissal [for failure to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure] . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.").

## IV.     OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d

129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[1]

In this case, because Plaintiff has already been afforded an opportunity to amend her Complaint, I find that the Court need not grant Plaintiff an additional opportunity to amend. *See Hall v. Clinton Cnty.*, 18-CV-1405, 2020 WL 1923236, at *7 (N.D.N.Y. Apr. 21, 2020) (Suddaby, C.J.) (dismissing without leave to amend the *pro se* plaintiff's amended complaint where the court "already afforded Plaintiff an opportunity to amend his Complaint" and the court found that it "lacks subject-matter jurisdiction."). Moreover, the Court notes that it afforded Plaintiff substantial solicitude in construing the content of her complaints and in considering the totality of all her allegations when determining the sufficiency of her complaints. As a result, despite Plaintiff's *pro se* status, the Court finds that allowing an opportunity to amend would be futile. *See Doroz v. Delorio's Foods, Inc.*, 19-CV-0924, 2020 WL 529841, at *13 (N.D.N.Y. Feb. 3, 2020) (Suddaby, C.J.) (finding that allowing an opportunity to amend would be futile where the Court already afforded the plaintiff "substantial solicitude in construing the context" of his submissions and the plaintiff "filed virtually identical complaints in this Court"); *see also Carrasco v. Annucci,* 17-CV-0246, 2017 WL 6492010, at *2 (N.D.N.Y. Dec. 15, 2017) (Suddaby, C.J.) (dismissing a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) without leave to amend "because plaintiff has already had two opportunities to amend the complaint").

---

[1] *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

## V.      PLAINTIFF'S FILINGS OF OCTOBER 7, 2020

The Clerk of the Court is directed to strike Plaintiff's Notice (Dkt. No. 23) and Letter (Dkt. No. 25).  It is unclear what relief, if any, Plaintiff is requesting and what the grounds are for that relief.

In Plaintiff's Letter Motion, she appears to request that the following three individuals or entities be added to the Court's docket as defendants: (1) Jewels calendar, (2) Germans calendar, and (3) Hispanic calendar.  (Dkt. No. 24.)  This request is denied.

Plaintiff has already amended her complaint once as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1).  As a result, she may amend her pleading "only with the opposing party's written consent or with the court's leave."  Fed. R. Civ. P. 15(a)(2).  To the extent that Plaintiff seeks the Court's permission to amend her complaint, she must comply with N.D.N.Y. L.R. 7.1(a)(4) and include an unsigned copy of the proposed amended pleading, which must be a complete pleading that will supersede the pleading sought to be amended, and identify the amendments in the proposed pleading either through the submission of a redline/strikeout version or through other equivalent means.

In any event, the Court finds that an amendment to add the defendants proposed in Plaintiff's Letter Motion (Dkt. No. 24), would be futile.  "The court may deny leave to amend for 'good reason,' which normally involves an analysis of the four factors articulated in *Forman v. Davis*, 371 U.S. 178, 182 (1962): undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party."  *Shi Ming Chen v. Hunan Manor Enterprise, Inc.*, 437 F. Supp. 3d 361, 364 (S.D.N.Y. 2020).  Plaintiff's Letter Motion (Dkt. No. 24), much like the Amended Complaint (Dkt. No. 11), is incomprehensible and contains a myriad of clearly frivolous statements, which do not appear to have any connection to the alleged defendants.

For each of these reasons, Plaintiff's Letter Motion (Dkt. No. 24) is denied.

Plaintiff is cautioned that continued frivolous filings may result in the imposition of sanctions, including limitations on her ability to file without prior permission of the Court. *See Ajamian v. Nimeh*, 14-CV-0320, 2014 WL 6078425, at *3 (N.D.N.Y. Nov. 13, 2014) ("[A] federal district court may impose reasonable filing restrictions on a *pro se* litigant in that particular court, pursuant to 28 U.S.C. § 1651(a) and its inherent authority to control and manage its own docket so as to prevent abuse in its proceedings."); *see also In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) (where a *pro se* plaintiff has demonstrated a "clear pattern of abusing the litigation process by filing vexatious and frivolous complaints," a "leave to file" requirement may be instituted by the court as an appropriate sanction).

"The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998). The Second Circuit has identified several factors that should be considered in determining whether to restrict a litigant's future access to the court:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005).

While the Court is aware that Plaintiff is proceeding *pro se*, she has litigation experience.[2] Plaintiff's motions and improper and procedurally deficient submissions and letters have presented a burden on the Court. Plaintiff is cautioned that her unwarranted litigiousness is bordering on vexatiousness. Should she continue to file meritless motions and procedurally deficient submissions, she will be directed to show cause as to why the Court should not issue an Order barring her from filing further motions in this matter without prior leave of the Court, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to control and manage its own docket so as to prevent abuse in its proceedings.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's Letter Motion (Dkt. No. 24) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall **STRIKE** Plaintiff's Notice (Dkt. No. 23) and Letter (Dkt. No. 25) from the docket; and it is further

**RECOMMENDED** that the Court **DISMISS WITHOUT LEAVE TO REPLEAD** Plaintiff's Amended Complaint (Dkt. No. 11).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[3] Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. 28 U.S.C. § 636(b)(1) (Supp. 2013);

---

[2] *See Smith v. Bush*, 5:18-CV-1252 (LEK/ATB); *Smith v. Clinton*, 5:20-CV-1225 (MAD/ML).

[3] If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

It is hereby respectfully **ORDERED** that the Clerk of the Court shall file a copy of this report and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[4]


Dated: October  9 , 2020
       Binghamton, New York

_____
Miroslav Lovric
U.S. Magistrate Judge

---

[4] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).