UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RIKISHA S. SMITH,

                      **Plaintiff,**

    v.                                                                 5:20-CV-0748

**RIKITA SMITH,** *et al.*,

                      **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

### DECISION and ORDER

**I.    INTRODUCTION**

This case was referred to the Hon. Miroslav Lovric, United States Magistrate Judge, for an initial review of Plaintiff's Amended Complaint. For a procedural history of this case and a review of the allegations in the Amended Complaint, reference is made to Judge Lovric's October 9, 2020 Order and Report-Recommendation, Dkt. 26. After a review of the Amended Complaint and an analysis of it in the context of the applicable law, Judge Lovric recommends that the Court dismiss the Amended Complaint as frivolous and without leave to replead. *Id.* The Court treats Dkt. 27 as Plaintiff's *pro se* objections to Judge Lovric's recommendations.

**II.    STANDARD OF REVIEW**

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or

1

specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings). After reviewing the report recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

### III.    DISCUSSION

Plaintiff's objections are nearly incomprehensible, stating, *inter alia*, the birth dates and death dates of certain individuals, and providing a list of individuals without indication why the individuals are referenced or listed. See Dkt. 27 at 1-2. To the extent these assertions are intended as objections, they do noting to challenge Judge Lovric's recommendations and thus are overruled. To the extent that Plaintiff contends that the referenced individuals should be added as defendants, the contention is denied because new arguments cannot be raised for the first time in objections. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) (same). Moreover, for the reasons articulated by Judge Lovric in denying Plaintiff's application to add (1) Jewels calendar, (2)

Germans calendar, and (3) Hispanic calendar as defendants, the application to add the referenced individuals as defendants would be futile. *See* Dkt. 26 at 9-10.

Plaintiff also asserts that she wishes "to fire these jughes [sic] for conflict of interest (LGBTQ) million man march mad calendar perjury porge [sic] perge [sic] master robber lien under oath." *Id.* 2. She asserts that she needs "a fair trial[,] fair jughes [sic][,] fare [sic] lawyer[,] money is the ruler of all evil[,] I do believe the jughes [sic] are evil mad calenda [sic]." *Id.* Plaintiff fails to present a legitimate basis for the Court or Judge Lovric to recuse ourselves, and thus Plaintiff's objection in this regard is overruled.

To the extent Plaintiff is objecting because Judge Lovric did not appoint her counsel, Judge Lovric notes that the Amended Complaint consists of five different form complaints and includes a number of additional documents including "a mostly blank application to proceed without prepaying fees or costs [and] a mostly blank motion for appointment of counsel." Dkt. 26 at 3. The Court previously affirmed Judge Lovric's denial of Plaintiff's motion for appointment of counsel because the allegations in the Complaint were not likely to be of substance, but indicated that the decision did not preclude Plaintiff from bringing a new motion for the appointment of counsel in connection with the Amended Complaint. *See* Dkt. 17 at 2; *see also Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 69 (2d Cir. 2011)(A motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's "chances of success are highly dubious."). The filing of a mostly blank motion for appointment of counsel with the Amended Complaint is insufficient to warrant assessment of the motion, and even if it was sufficient the motion would not be granted because the claims in the Amended Complaint

are frivolous. *See Leftridge*, 640 F.3d at 69. Accordingly, to the extent Plaintiff objects because Judge Lovric did not assess her motion for appointment of counsel on the merits, the objection is overruled because Plaintiff suffered no prejudice thereby.

Having considered Plaintiff's objections and having completed a *de novo* review of Judge Lovric's recommendations, the Court determines to adopt the recommendations for the reasons stated in Judge Lovric's report.

## IV.   CONCLUSION

Accordingly, the Court **ACCEPTS and ADOPTS** the recommendations in the Order and Report-Recommendation [Dkt. 26] for the reasons stated therein. Therefore, the Amended Complaint (Dkt. 11) is **DISMISSED WITHOUT LEAVE TO REPLEAD.**

The Clerk of the Court is respectfully directed to close this case.

**IT IS SO ORDERED.**

Dated:   June 15, 2021

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior U.S. District Judge